# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | Case No. 2:17-cv-00003-RFB-GWF |
| Plaintiff, | |
| vs. | **ORDER** |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Stay Discovery (ECF No. 30), filed on July 24, 2017. Defendant SFR Investments Pool 1, LLC filed an Opposition (ECF No. 35) on August 7, 2017 and Plaintiff filed a Reply (ECF No. 38) on August 14, 2017. Also before the Court is Defendant SFR Investment Pool 1, LLC's Counter-Motion to Stay All Proceedings (ECF No. 36), filed on August 7, 2017. Plaintiff filed an Opposition (ECF No. 39) on August 14, 2017 and Defendant filed a Reply (ECF No. 43) on August 21, 2017. The Court concludes that this motion may can be decided without oral argument, and therefore vacates the hearing and issues its decision on the motion.

## BACKGROUND AND DISCUSSION

This case is one of several quiet title actions that arises from a homeowners' association sale conducted pursuant to Nevada Revised Statute Chapter 116. On August 12 2016, the Ninth Circuit Court of Appeals issued its decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F. 3d 1154 (9th Cir. 2016), *cert. den.*, 2017 WL 1300223 (U.S. June 26, 2017) (No. 16-1208) ("*Bourne Valley*"). There, the Ninth Circuit held that NRS Chapter 116's purported "'opt-in' notice scheme" was facially unconstitutional. *Id.* at 1156. Based on this decision, Plaintiff has moved for summary judgment as a matter of law and now seeks to stay all discovery and related deadlines, except for the filing of its dispositive motion addressing the Ninth Circuit's ruling in *Bourne Valley*.

On April 26, 2017, District Judge Boulware certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners's association to provide notices of default to banks even when a bank does not request notice?" *See The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 41] ("*Star Hill HOA*"). This certified question has been accepted by the Nevada Supreme Court and briefing is currently underway. Therefore, Defendant SFR opposes the partial stay, and instead moves for a complete stay of all proceedings because if the certified question is answered in the affirmative in a published opinion, it would nullify *Bourne Valley*. Counter-Motion (ECF No. 36), pg. 3. District Judge Boulware granted a stay of litigation in the *Star Hill HOA* case pending the final resolution of the certified question to the Nevada Supreme Court. *See The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 45].

Because the decision on the certified question to the Nevada Supreme Court directly affects the viability of *Bourne Valley* and any dispositive motion that relies on that ruling, the Court finds that a complete stay pending the final resolution of the certified question is also warranted in this case. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay Discovery (ECF No. 30) is **denied**.

**IT IS FURTHER ORDERED** that Defendant SFR Investment Pool 1, LLC's Counter-Motion to Stay All Proceedings (ECF No. 36) is **granted**.

**IT IS FURTHER ORDERED** that all proceedings in this case are stayed pending the Nevada Supreme Court's ruling on the certified question posed in *The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-02561-RFB-PAL, [ECF No. 41].

**IT IS FURTHER ORDERED** that the hearing scheduled for August 29, 2017 at 10:30 a.m. is hereby **VACATED**.

DATED this 22nd day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge